WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J. Delgadillo and S. Delgadillo,<br><br>Plaintiffs,<br><br>v.<br><br>BNSF Railway Company,<br><br>Defendant. | No. CV-21-01679-PHX-DLR<br><br>**ORDER** |

Pending before the Court are Defendant's motion for summary judgment and Plaintiff's motion to withdraw admissions, which are fully briefed. (Docs. 22, 33, 39, 54, 60.) The Court grants the motion to withdraw admissions and denies the motion for summary judgment.

**I. Background**

In the early morning of April 12, 2019, a BNSF train crew saw a body stretched out on the tracks ahead of them. (Doc. 22-1.) The crew applied the emergency brakes and blew the horn. Ten seconds they blew the horn; the body remained motionless. The train needed 14 more seconds to stop but didn't have them, and it struck the lifeless body of Decedent, whose blood alcohol content was 0.265. (Docs. 22-1, 22-2.). The coroner determined the death was a suicide and that the train had caused Decedent's death. (Doc. 23-3.)

Decedent's parents brought this wrongful death action, alleging negligence by

BNSF and two members of the train's crew.[1]  Plaintiffs' daughter (Decedent's sister) represented Plaintiffs at the outset, and she failed to respond to Defendant's requests for admissions, effectively deeming them admitted under Federal Rule of Civil Procedure 36.  Shortly after the deadline passed, Plaintiffs' counsel was removed from the case, and Plaintiffs proceeded pro se afterward.  (Doc. 19.)

While discovery was ongoing, Defendant brought a motion for summary judgment, predicated in significant part on the admissions deemed admitted.  The Court construed Plaintiffs' response to the motion for summary judgment as a motion to withdraw those admissions and ordered further briefing.  The motions are now ripe.

**II. Motion to Withdraw Admissions**

Plaintiffs seek to withdraw admissions deemed admitted by default, and in their place, Plaintiffs request that the responses to requests for admission that they served upon Defendant just a few months ago be deemed operative.  District courts may exercise discretion in ruling on a motion to withdraw admission but must consider whether granting the motion (1) would promote presentation of the merits and (2) would not prejudice the opposing party in "maintaining or defending" the action on the merits.  Fed. R. Civ. P. 36.

The first prong is met when "upholding the admissions would practically eliminate any presentation of the merits of the case."  *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).  Here, no wrongful death suit could survive if the Court upheld the admissions that (1) Decedent died on April 11, 2019, (2) before being run over by the train, or else (3) committed suicide.  Thus, the first prong is satisfied.

Now, to the second prong.  The party relying on the deemed admission has the burden of proving prejudice.  *Id.*

> The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need

---

[1] The crew defendants were dismissed.  (Doc. 1 at 2.)  BNSF is the sole remaining defendant.

- 2 -

to obtain evidence" with respect to the questions previously deemed admitted.

*Id.* Defendant alleges prejudice in that it has "relied on the admissions for over two months" and the motion to withdraw comes ten months after the admissions were deemed admitted. (Doc. 54 at 2-3.) But mere time lost, without more, is not enough. Besides, discovery is ongoing, and Defendant actively conducted discovery during the pendency of the motion for summary judgment as if the requests for admission were never deemed admitted. (*See, e.g.*, Docs. 42-51.) Defendant has not shown prejudice.

The Court will grant the motion to withdraw admissions, and the responses to requests for admission served upon Defendant in May 2022 are operative.

**III. Motion for Summary Judgment**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Defendant's motion is denied for two reasons. First, as to the arguments in the motion for summary judgment relying on the admissions previously deemed admitted, those fail because those admissions are no longer operative. Second, to the extent Defendant argues that Decedent was committing suicide, thus severing the causal chain and barring liability, the Court is not convinced.

For this latter proposition, Defendant relies on *Maricopa County. v. Cowart*, 471 P.2d 265, 267 (Ariz. 1970), which reviewed a wrongful death case arising from a suicide.

In that case, a juvenile with a history of homicidal ideation—but whose doctor did not deem him an immediate suicide risk—strangled himself with his bedsheets by leaning back and pulling the sheets taut when confined to a juvenile detention center. The court held:

> In those cases in which a specific duty of care is absent, that is cases involving a wrongful act by the defendant and a subsequent suicide by the injured party, the almost universal rule is that the suicide by the injured party is a superseding cause which is neither foreseeable nor a normal incident of the risk created and therefore relieves the original actor from liability for the death resulting from the suicide.

*Id.* Defendant thus concludes that it cannot be liable because Decedent committed suicide.

But that conclusion does not necessarily follow. In *Cowart*, the decedent's suicidal potentiality was unknown and manner of suicide was unfortunately creative and hard to predict; as such, the plaintiff there could not establish a specific duty of care and the suicide was ruled an intervening cause. In other words, the plaintiff could not show that the defendant had a duty to prevent suicide with respect to the decedent and especially as to the manner of suicide. With respect to trains and train tracks, however, it's not surprising or unpredictable that a motionless object will block ground-level tracks, e.g., a motor vehicle stalled in the middle of the tracks. Defendant concedes that Decedent laid unconcealed and motionless across the ground-level track. Unlike decedents in cases cited by Defendant, Decedent did not surprise Defendant's agents by jumping in front of a subway train, *Washington Metro. Area Transit Auth. v. Johnson*, 726 A.2d 172, 177 (D.C. 1999), or trespassing onto elevated tracks to commit, *Escobar v. Chicago Transit Auth.*, No. 1-3-2056, 2014 WL 4674604, at *1 (Ill. Ct. App. September, 19 2014). As the Arizona Supreme Court has observed, "whether a railroad is negligent in a particular manner, such as in failing to provide automatic crossing gates, is a question of fact for the jury." *DeElena v. S. Pac. Co.*, 592 P.2d 759, 762 (Ariz. 1979). The Court sees no reason to deviate from this general rule. Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to withdraw their admissions (Doc. 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Doc. 22) is **DENIED** without prejudice to Defendant filing a new motion within the current dispositive motions deadline if it deems such a motion appropriate based on the facts as they now exist and develop through discovery.

Dated this 16th day of September, 2022.

_____
Douglas L. Rayes
United States District Judge